IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ABDULKADIR SHARIF ALI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:22CV259 |
| | ) | |
| TODD ISHEE, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Docket Entry 1.) The Court converted Respondent's "Motion to Dismiss Pursuant to Rule 12(b)(6)" (Docket Entry 7; see also Docket Entry 8 ("Supporting Brief")) to a motion for summary judgment, denied that motion as to all but one subclaim, and ordered the Clerk to schedule an evidentiary hearing, see Ali v. Buffaloe, No. 1:22CV259, 2023 WL 2602003, at *10 (M.D.N.C. Feb. 2, 2023) (unpublished), recommendation adopted sub nom. Ali v. Ishee, 2023 WL 2600090 (M.D.N.C. Mar. 22, 2023) (unpublished) (Biggs, J.). Respondent thereafter submitted a filing entitled "Motion to Dismiss as Moot" ("Motion to Dismiss") (Docket Entry 19); see also Docket Entry 20 ("Supporting Brief")) and, despite receiving notice of his right to respond under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (Docket Entry 21), Petitioner did not submit a response in opposition to Respondent's Motion to Dismiss (see Docket Entries dated Mar. 29, 2023, to present). For the reasons that follow, the Court should grant Respondent's Motion to Dismiss.

## I. Background

On August 8, 2014, a jury in the Superior Court of Guilford County found Petitioner (and his co-defendant) guilty of attempted robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, assault with a deadly weapon inflicting serious injury, and first degree burglary in cases 13 CRS 100094, 100098, 10099, and 14 CRS 24118. See State v. Sheikh, No. COA-15-688, 786 S.E.2d 433 (table), 2016 WL 1744651, at *1 (N.C. App. May 3, 2016) (unpublished). The trial court sentenced Petitioner to three consecutive prison sentences of 59 to 83 months, 59 to 83 months, and 23 to 40 months. See id. at *2.[1]

A Disciplinary Hearing Officer ("DHO") at the Tabor Correctional Institution (where Petitioner was serving his sentences for the underlying convictions described above) convicted Petitioner after a hearing of disciplinary offense "A-12" for "substance possession/failed urinalysis". (See Docket Entry 1, ¶¶ 1, 5-7.) As a result of that conviction, the DHO sentenced Petitioner to, inter alia, 30 days in restrictive housing for disciplinary purposes ("RHDP") (see id., ¶ 3), and the loss of 40

---

[1] The North Carolina Court of Appeals found no error in Petitioner's convictions and sentences, Sheikh, 2016 WL 1744651, at *2, the North Carolina Supreme Court denied Petitioner's petition for discretionary review ("PDR"), State v. Sheikh, 369 N.C. 39 (2016), and the United States Supreme Court denied Petitioner's petition for a writ of certiorari, Ali v. North Carolina, ___ U.S. ___, 137 S. Ct. 1218 (2017). After the trial court denied Petitioner's Motion for Appropriate Relief collaterally challenging his convictions and sentences, this Court dismissed with prejudice Petitioner's action under 28 U.S.C. § 2254 attacking his underlying convictions and sentences without issuance of a certificate of appealability. See Ali v. Hooks, No. 17CV1034, 2018 WL 3421338, at *1 (M.D.N.C. July 13, 2018) (unpublished), recommendation adopted, slip op. (M.D.N.C. Sept. 4, 2018) (Biggs, J.).

days of sentence reduction credits (see id. at 14).[2] Thereafter, prison officials denied Petitioner's appeal and upheld his disciplinary convictions and sentences. (See id., ¶ 9.)

Petitioner subsequently submitted his instant Petition seeking restoration of the 40 days of sentence reduction credits to the United States District Court for the Western District of North Carolina (see id. at 1, 14), along with a motion for appointment of counsel (Docket Entry 2). That court transferred the case to this Court (see Docket Entries 3, 4), which denied the motion for appointment of counsel and ordered Respondent to answer the Petition (Docket Entry 5). Respondent then moved to dismiss the Petition for failing to state a claim on which relief could be granted (Docket Entry 7; see also Docket Entry 8 ("Supporting Brief")), and the Court converted Respondent's motion to a motion for summary judgment, found genuine issues of material fact remained, and denied Respondent's motion as to all but one subclaim, see Ali, 2023 WL 2600076 (adopting Ali, 2023 WL 2602004). Respondent subsequently filed his instant Motion to Dismiss on grounds of mootness (Docket Entry 19; see also Docket Entry 20 ("Supporting Brief")), and Petitioner failed to responded in opposition (see Docket Entries dated Mar. 29, 2023, to present).

## II. Ground for Relief

Petitioner alleges "Due Process rights violations secured by The U.S. Constitution (14th Amendment)" and "violations of rights

---

[2] Throughout this Recommendation, pin citations refer to the page numbers in the footer appended to those materials at the time of their docketing in the CM/ECF system.

-3-

secured by [North Carolina Department of Public Safety ('NCDPS')] policy [and] procedures" (Docket Entry 1, ¶ 12 (Ground One) (quotation marks omitted)), in that "[t]he [DHO] would not allow [Petitioner] to review/see any of their 'evidence' or allow [him] to refute any of their claims," and the DHO "told [Petitioner] that if [he] plead [sic] not guilty and had to go through the process, that [the DHO] would side with her officer and find [Petitioner] guilty anyway . . . and then simply stated to [Petitioner] that she would 'send [his] appeal papers' thus lacking impartiality due to her having a predisposed mindset as to finding [Petitioner] guilty" (id., ¶ 12 (Ground One)(a); see also Docket Entry 1-1 (Petitioner's "Declaration In Support of U.S.C. § 2254 Petition" setting forth, under penalty of perjury, additional facts in support of Ground One)).

### III. Discussion

Respondent moves to dismiss the Petition on grounds of mootness, because "the North Carolina Department of Adult Correction has chosen to restore to Petitioner his lost forty-days sentencing reduction credits at issue in this case." (Docket Entry 20 at 3.) In support of that argument, Respondent proffers the Affidavit of Joshua Panter, "the Director of Operations for the North Carolina Department of Adult Correction, Division of Prisons." (Docket Entry 20-2, ¶ 2.) In that Affidavit, Mr. Panter avers that, "[i]n order to avoid further litigation, [Prisons Administration] ha[s] determined to restore to [Petitioner] . . . the 40 days of earn times credits that were

-4-

placed at issue in th[e P]etition." (Id., ¶ 3.) Mr. Panter attached to his Affidavit "database print-out[s] that reflect[] that, on March 27, 2023, . . . 40 days' time ha[d] been restored to [Petitioner] in order to restore the credits lost due to the A-12 violation that took place on March 4, 2021" (id., ¶ 4; see also Docket Entry 20-3 at 2-4 (database print-out showing Petitioner's "SENTENCE CREDITS/PENALTIES" and "RELEASE DATE CALCULATION" before restoration of 40 days' sentencing reduction credits); Docket Entry 20-4 at 2-4 (database print-out reflecting Petitioner's "SENTENCE CREDITS/PENALTIES" and "RELEASE DATE CALCULATION" after "void[ing]" loss of those 40 days)). As a result of the restoration of the 40 days' sentencing reduction credits, Respondent contends that "federal habeas corpus relief is no longer available in this prison disciplinary case." (Docket Entry 20 at 3 (citing Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974), Rasul v. Buffaloe, No. 1:21CV311, Docket Entry 28 at 2 (M.D.N.C. Feb. 10, 2023) (Peake, M.J.), recommendation adopted, slip op. (M.D.N.C. Mar. 8, 2023) (Biggs, J.), and Holtz v. Richards, 779 F. Supp. 111, 113 (N.D. Ind. 1991)).)

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for mootness. See CGM, LLC v. BellSouth Telecomm'ns, Inc., 664 F.3d 46, 52 (4th Cir. 2011). "The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction," Porter v. Clarke, 852 F.3d 358, 363 (4th Cir. 2017) (brackets omitted), which extends only to actual "Cases" and "Controversies," U.S. Const. art. III, § 2, cl. 1. In that regard,

"[w]hen a case or controversy ceases to exist — either due to a change in the facts or the law — 'the litigation is moot, and the court's subject matter jurisdiction ceases to exist also.'" Id. (quoting South Carolina Coastal Conservation League v. U.S. Army Corps of Eng'rs, 789 F.3d 475, 482 (4th Cir. 2015)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate," Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990), and "[t]he parties must continue to have a personal stake in the outcome of the lawsuit," id. at 478 (internal quotation marks omitted).

As Respondent "challenges the existence of subject matter jurisdiction in fact, [Petitioner] bears the burden of proving the truth of such facts by a preponderance of the evidence." U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). In determining whether Petitioner has met that burden, the Court must "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

Respondent's materials demonstrate that Petitioner has already obtained the relief he seeks in his Petition, i.e., restoration of the 40 days' sentencing reduction credits he lost as a result of conviction of the A-12 offense on March 4, 2021. (See Docket Entries 20-2, 20-3, & 20-4.) Accordingly, the Court should dismiss the Petition as moot. See Prator v. Neven, No. 2:10CV1209, 2013 WL

3297173, at *1 (D. Nev. June 28, 2013) (unpublished) ("Due to the restoration of the 90 days of good time credit, [the] petitioner's claims are moot, and the petition is dismissed with prejudice on this basis."); Holtz, 779 F. Supp. at 113 ("[T]he petitioner has received the remedy he sought in his habeas petition, restoration of the forty-five (45) days of good time credit he lost as a result of the defective prison disciplinary hearing in 1988[, and t]herefore, his petition is moot." (capitalization omitted)).

## IV. Conclusion

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 19) be granted, that the Petition (Docket Entry 1) be dismissed as moot.

                                          /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                              **United States Magistrate Judge**

May 1, 2023