IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ABDULKADIR SHARIF ALI,              )
                                    )
            Petitioner,              )
                                    )
    v.                               )        1:22CV259
                                    )
TODD ISHEE, Secretary,              )
North Carolina Department of        )
Adult Correction,                   )
                                    )
            Respondent.[1]          )

**ORDER**

The Recommendation of the United States Magistrate Judge that Respondent's Motion to Dismiss as Moot, (ECF No. 19), be granted was filed with the Court in accordance with 28 U.S.C. § 636(b), (ECF No. 22), and, on May 1, 2023, was served on the parties in this action, (ECF No. 23). Petitioner filed untimely objections to the Magistrate Judge's Recommendation. (ECF No. 24.)[2]

In Petitioner's objections, he contends "that he submitted a motion entitled Plaintiff's Request for an Extension of Time to Respond to Defendant (Respondent) Motion/Notice of Intent to File Dispositive Motions, as well as Defendant (Respondent) Motion to Dismiss" ("Extension Motion") (ECF No. 24 at 1 (citing ECF No. 24-1)), which "he placed . . . into

---

[1] On September 22, 2022, Governor Roy Cooper appointed Todd Ishee as Secretary of the North Carolina Department of Adult Correction. As a result, Todd Ishee automatically substitutes as Respondent in this matter. *See* Fed. R. Civ. P. 25(d).

[2] When quoting from Petitioner's filings, the Court applies standard capitalization for ease of reading.

the prison unit mailbox system on April 9th, 2023" (*id.* (referencing ECF 24-1)).[3] According to Petitioner, "the mail box rule" renders his Extension Motion "filed in th[is] Court" on April 9, 2023 (*id.* at 1-2), and he lacks "aware[ness] why the Court or the Respondent did not receive a copy of the [Extension M]otion" (*id.* at 2). Petitioner further asserts that an unidentified person in the prison "unit mail room . . . informed [him] that the [Extension M]otion was sent to th[is] Court on 04/11/2023 and that a copy of the [Extension M]otion was forwarded to the N.C. Department of Justice on 04/14/2023." (*Id.*) Petitioner "ask[s] the Court to deny the part of the May 1, 2023[,] Magistrate Judge [Recommendation] granting Respondent['s] Motion to Dismiss [as Moot] and grant Petitioner his time requested to respond." (*Id.*)

The Court's docket in this case reflects a deadline for Petitioner's response to Respondent' Motion to Dismiss as Moot of April 19, 2023 (*see* ECF No. 19), and the Court did not receive a copy of Petitioner's Extension Motion until over a month later on May 26, 2023 (*see* ECF No. 24-1). Although Petitioner has now attempted to explain the delay, in so doing, he neither submitted his contentions under penalty of perjury nor attached documentation such as prison mail logs to support his contentions. (*See* ECF No. 24.) Under such circumstances, Petitioner has not shown "excusable neglect" under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure for his untimely Extension Motion, and the Court will deny the Extension Motion. *See Mason v. Warden, Warren Corr. Inst.*, No. 2:16CV1134, 2018 WL 6191041, at *1 (S.D. Ohio Nov. 28, 2018) (unpublished) (finding excusable neglect for

---

[3] Notably, the Extension Motion's Certificate of Service does not include any averment about its placement in the prison mail system. (*See* ECF No. 24-1 at 3.)

2

the petitioner's late-filed objections, where he "attache[d] to his motion a legal mail log demonstrating that his [prison] institution received a mailing from th[e c]ourt on [the day before the deadline], and that he signed for that piece of mail the following day").

Turning to the merits of Petitioner's objections, he "request[s] that the Court consider . . . evidence outside the record," (ECF No. 24 at 2), which includes two documents both entitled "#4230 Johnston Correctional Institution Consolidated Inmate Request Form" ("Request Forms") (ECF No. 24-3 at 54-56). Petitioner contends that the Request Forms contradict Respondent's assertion, (*see* ECF No. 20 at 3), and the Magistrate Judge's Recommendation, (*see* ECF No. 22 at 6-7), that the restoration of Petitioner's 120 days of sentencing reduction credits lost as a result of the prison disciplinary convictions at issue in this case mooted all claims in the Petition, (*see* ECF No. 24 at 3).[4] In support of the Respondent's mootness argument, he proffered the Affidavit of Joshua Panter, "the Director of Operations for the North Carolina Department of Adult Correction, Division of Prisons [('DAC')]." (ECF No. 20-2, ¶ 2.) In that Affidavit, Mr. Panter avers that, "[i]n order to avoid further litigation, [the DAC] ha[s] determined to restore to [Petitioner] the 120 days of earn times credits that were placed at issue in th[e Petition]." (*Id.*, ¶ 3.) Mr. Panter attached to his Affidavit "database print out[s] that reflect[] that, on March 27, 2023, 120 days' time ha[d] been restored to [Petitioner] in order to restore the credits lost due to the A99, B-03, and B-25 violations that took place on February 11, 2021." (*Id.*, ¶ 4; *see also* ECF No. 20-3 at 2-4 (database print-out showing Petitioner's "SENTENCE CREDITS/PENALTIES" and

---

[4] Petitioner has also submitted an Affidavit and two verified witness statements from an inmate named Roger Dale Connell, Jr. (*See* ECF No. 24-5.) These materials address the factual circumstances surrounding Petitioner's disciplinary offenses and therefore lack relevance to the mootness issue now before the Court.

"RELEASE DATE CALCULATION" before restoration of 120 days' sentencing reduction credits); ECF No. 20-4 at 2-4 (database print-out reflecting Petitioner's "SENTENCE CREDITS/PENALTIES" and "RELEASE DATE CALCULATION" after "void[ing]" loss of those 120 days).)

Mr. Panter further averred that the restoration of Petitioner's 120 days of sentence reduction credits "did not impact [Petitioner]'s projected release date . . . due to both North Carolina sentencing laws and how [the DAC] calculate[s] projected release dates." (ECF No. 20-2, ¶ 5.) Mr. Panter thereafter provided the following, detailed explanation:

> North Carolina criminal sentences contain a flat minimum amount of time that offenders must serve and cannot be reduced even with earned time sentencing credits. *See* N.C. Gen. Stat. § 15A-1340.13(d) (2023). For all offenders regularly accruing credits through a work program, [the DAC] assume[s] they will continue working, and earning those credits, for the entirety of their sentence. Given this, [the DAC] include[s] those presumed future credits when calculating the projected release date. This is shown on the line entitled "Future E/T" on page three of [ECF No. 20-3].
>
> Applying the above principles here, before [the DAC] voided the relevant credit losses, [Petitioner] was on track to complete his BA002 sentence at his flat minimum: 08/15/2024. This is because (1) [Petitioner] has earned 95 more days of earned credit in the time that elapsed between the infractions at issue in this litigation and 27 March 2023 and (2) the calculation presumed [Petitioner] would continue working and, in so doing, obtain sixty-five more days of credit before the completion of his sentence. With those earned credits, both those already accrued and those he is projected to earn in the coming months, [Petitioner] was going to return to his flat minimum without [the] DAC taking any action. This analysis is shown on page three of [ECF No. 20-3].
>
> Once [the DAC] voided the relevant credit losses, [Petitioner] remained on track to complete his BA002 sentence at his flat minimum. However, with the losses voided, this calculation no longer relied upon future earned credits or the credits that he has earned in the interim between the infractions at issue and today. Thus, after returning the credits taken as a sanction for [Petitioner]'s infractions at issue in this litigation, [he] is now at his flat minimum and cannot be released any earlier under law. Accordingly, his merit time credits and "Future E/T" totals are lower than before [the DAC] voided the infraction sanctions because

4

credits cannot be awarded to give [him] a release date earlier than his flat minimum. This calculation is shown on page three of [ECF No. 20-4].

(ECF No. 20-2, ¶¶ 5-7 (internal paragraph numbering omitted).)

Petitioner's Request Forms do not contradict Respondent's assertions regarding the restoration of the lost sentence reduction credits and the mootness of the Petition.[5] The first Request Form, dated May 3, 2023, reflects the following under the heading "REQUEST FOR ASSISTANCE":

> Question/Problem/Request: I would like to know how many days, if any were restored to my second sentence I believe it is BA-002? Thank you!
>
> Case Manager's Response: You have 16 days restored on Robbery/Weapon charge [sentence BA-001]. No other time has been restored.
>
> Case Manager Signature & Date: [illegible] 5-5-23

(ECF No. 24-3 at 54.)

The second Request Form contains the following statements under the heading "REQUEST FOR ASSISTANCE":

> Question/Problem/Request: How many days have been restored to my second sentence BA-002? There were supposed to be 160 days restored?

---

[5] From a procedural standpoint, the Request Forms lack reliability as Petitioner has not authenticated them. *See* Fed. R. Evid. 901 ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."); 1101(b), (d) (providing that Federal Rules of Evidence apply to "civil cases and proceedings" and not including actions under Section 2254 in list of exceptions); Rule 7(a), Rules Governing Section 2254 Cases in the United States District Courts (permitting district court to expand the habeas record with documents "relating to the petition" and noting that "[t]he judge may require that th[o]se materials be authenticated").

> Case Manager's Response: 0 days have been restored to the BA-002.
>
> Case Manager's Signature & Date: Ravenell 5-18-23

(*Id.* at 56.)[6] The responses of the Case Managers harmonize with the database print-outs attached to Mr. Panter's Affidavit, which reflect that 1) the DAC applied 120 days of sentence reduction credits to Petitioner's BA-002 sentence based on a "void[ing]" of Petitioner's "rule infraction" penalties assessed on February 23, 2021 (ECF No. 20-4 at 2-3), 2) Petitioner had zero days of total penalty time against his BA-002 sentence (*see id.* at 4), as compared to 160 days prior to the voiding, (*see* ECF No. 20-3 at 4), and, significantly, 3) notwithstanding voiding the loss of 120 days of sentence reduction credits, Petitioner had *zero days of total time restored on his BA-002 sentence* and *16 days restored on his BA-001 sentence* (ECF No. 20-4 at 4 (emphasis added)).

Accordingly, Petitioner has not shown that Respondent has failed to already grant Petitioner the relief he seeks in his Petition, i.e., restoration of the 120 days' sentencing reduction credits he lost as a result of prison disciplinary convictions on February 23, 2021, and the Court will dismiss the Petition as moot. *See Prator v. Neven*, No. 2:10CV1209, 2013 WL3297173, at *1 (D. Nev. June 28, 2013) (unpublished) ("Due to the restoration of the 90 days of good time credit, [the] petitioner's claims are moot, and the petition is dismissed with prejudice on this basis."); *Holtz v. Richards*, 779 F. Supp. 111, 113 (N.D. Ind. 1991) ("[T]he petitioner has received the remedy he sought in his habeas petition, restoration of the forty-

---

[6] Petitioner inquired about 160 (rather than 120) days because, in another case under Section 2254 pending in this Court, the DAC restored 40 days of lost sentence reduction credits imposed as a result of a different prison disciplinary conviction. *See Ali v. Buffaloe, Jr.*, No. 1:22CV259, ECF No. 20-2, ¶¶ 4-5 (M.D.N.C. Mar. 29, 2023).

five (45) days of good time credit he lost as a result of the defective prison disciplinary hearing in 1988[, and t]herefore, his petition is moot." (capitalization omitted)).

The Court has appropriately reviewed the Magistrate Judge's Recommendation and has made a *de novo* determination in accord with the Magistrate Judge's Recommendation. The Court therefore adopts the Magistrate Judge's Recommendation.

**IT IS THEREFORE ORDERED** that that Respondent's Motion to Dismiss as Moot, (ECF No. 19), is **GRANTED**, and that the Petition, (ECF No. 1), is **DISMISSED** as moot. A judgment dismissing this action will be entered contemporaneously with this Order.

Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is **DENIED**.

This, the 29th day of August 2023.

/s/ Loretta C. Biggs
United States District Judge